UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MUNIR A. MALIK, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-30046-MAP |
| | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| JUSTICE, UNITED STATES DEPARTMENT | ) | |
| OF HOMELAND SECURITY, FEDERAL | ) | |
| BUREAU OF INVESTIGATION, CITY OF | ) | |
| SPRINGFIELD, RICHARD DESLAURIERS, | ) | |
| Special Agent in Charge of the FBI | ) | |
| Boston Field Office, WILLIAM J. FITCHET, | ) | |
| Police Commissioner for the City of | ) | |
| Springfield, CITY OF WEST SPRINGFIELD, | ) | |
| THOMAS BURKE, Police Chief for the City of | ) | |
| West Springfield, JOHN DOE, Supervisory | ) | |
| Special Agent for Western Massachusetts, | ) | |
| OTHER JOHN DOES AND UNKNOWN | ) | |
| AGENTS AND OFFICERS, | ) | |
| Defendants | ) | |

REPORT AND RECOMMENDATION REGARDING
DEFENDANTS' MOTIONS TO DISMISS
(Document Nos. 14, 27 and 30)
July 19, 2012

NEIMAN, U.S.M.J.

This is an action by a *pro se* plaintiff against multiple defendants, including the

Department of Justice, the Department of Homeland Security, the Federal Bureau of

Investigation (FBI), Richard DesLauriers (Special Agent in Charge of the FBI Boston

Field Office), and John Doe (Supervisory Special Agent for Western Massachusetts)

(together, the "Federal Defendants"), the City of Springfield and William Fitchet (Police Commissioner for the City of Springfield) (together, the "Springfield Defendants"), the City of West Springfield and Thomas Burke (Police Chief for the City of West Springfield) (together, the "West Springfield Defendants"), and miscellaneous John Does. Munir A. Malik ("Plaintiff")'s multiple claims range from alleged violations of his constitutional rights to intentional infliction of emotional distress and defamation. The eleven counts set forth in Plaintiff's complaint do not distinguish among the various defendants.

Presently before the court are the Federal Defendants', the Springfield Defendants' and the West Springfield Defendants' motions to dismiss the complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). The motions have been referred to this court for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the court will recommend that each of the motions be allowed.

## I. STANDARDS OF REVIEW

When faced with a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must accept the allegations of the complaint as true, drawing all reasonable inferences in favor of the plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Young v. Lepone*, 305 F.3d 1, 8 (1st Cir. 2002). Furthermore, a *pro se* plaintiff is "entitled to liberal construction of his allegations, no matter how inartfully pled." *Stern v. Haddad Dealerships of the Berkshires, Inc.*, 477 F. Supp. 2d 318, 321 (D. Mass. 2007).

Still, the Supreme Court has directed that only a complaint that "state[s] a claim to relief that is plausible on its face" will survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

With regard to sovereign immunity, a defense raised by the Federal Defendants, the First Circuit has held that the proper vehicle for challenging a court's subject-matter jurisdiction via such a defense is Federal Rule of Civil Procedure 12(b)(1). *See Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 362-63 (1st Cir. 2001); *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995). Pursuant to that rule, the court must construe the complaint liberally, treat all well-pleaded facts as true, and accord the plaintiff the benefit of all reasonable inferences. *Murphy*, 45 F.3d at 522. In the end, however, "the party invoking the jurisdiction of a federal court carries the burden of proving its existence." *Id.* (citations and internal quotation marks omitted).

## II. BACKGROUND

The following facts, which are often convoluted, have been culled from Plaintiff's complaint and are stated, to the extent possible, in a light most favorable to him.

In essence, Plaintiff alleges that the various defendants constantly monitored and stalked him while he was conducting business, shopping, engaging in recreational activities, and traveling. (Complaint ¶¶ 1, 3 and 11.) He describes instances where they allegedly placed electronic tracking devices on his car, monitored and tampered

3

with his phone, e-mail and fax, and trailed him to eating establishments where they subsequently persuaded food servers to poison his meals. (Complaint ¶¶ 1, 2 and 5.) Plaintiff also claims that the defendants defamed him and convinced others to violate his civil rights by telling them that he was a deviant and a terrorist. (Complaint ¶¶ 1 and 6.) In addition, Plaintiff alleges that the defendants have staged sting operations to blackmail and entrap him "on a regular basis." (Id.) These illegal actions, according to Plaintiff, are the product of an FBI-based group known as the Joint Terrorism Task Force ("JTTF"). (Complaint ¶ 14.) Turning the tables on his own imaginings, Plaintiff explains that the JTTF "chase[s] fictitious threats ,. . . which exist nowhere else but within the minds of FBI personnel." (Id.)

### III. DISCUSSION

The court will address the three motions to dismiss *seriatim*.

### A. The Federal Defendants' Motion to Dismiss

The Federal Defendants argue that Plaintiff's claims against them should be dismissed because, as agencies and agents of the Federal government, they are immune from such suits. In fact, it is well-established that sovereign immunity protects the Federal Government and its agencies from being sued without consent. *FDIC v. Meyer*, 510 U.S. 471, 475 (1976); *White v. C.I.R.*, 899 F. Supp. 767, 774 (D. Mass. 1995). As such, Plaintiff's claims that do not abrogate the federal government's sovereign immunity should be dismissed, namely, Count V (42 U.S.C. §§ 1981 and 1982), Count VI (18 U.S.C. §§ 241 and 242) and Count VII (Massachusetts human rights laws). *See District of Columbia v. Carter*, 409 U.S. 418, 424-5 (1973) ("[A]ctions

4

of the Federal Government and its officers are at least facially exempt from [41 U.S.C. § 1983's] proscriptions."); *Scurlock v. Lappin*, 2012 WL 2445065 at *3 n.4 (D.D.C. June 28, 2012) ("Section 1983 does not apply to federal actors, and none of the remaining provisions [42 U.S.C. §§ 1981 and 1985] waives the federal government's sovereign immunity.") (internal citation omitted); *United States v. Goodman*, 2012 WL 502807 at *4 (D. Colo. Jan. 4, 2012) (finding that 18 U.S.C. § 242 "do[es] not demonstrate any intent by Congress to waive the United States' sovereign immunity").

The Federal Torts Claims Act (FTCA), however, waives the Federal Government's immunity when individuals bring tort claims against the United States, but only after these individuals have exhausted their administrative remedies. *See* 28 U.S.C. §§ 2674 and 2675(a); *Santiago-Ramirez v. Sec. of Dep't of Def.*, 984 F.2d 16, 18 (1st Cir. 1993). Plaintiff has not satisfied this procedural requirement. Accordingly, Plaintiff's complaint cannot be maintained to the extent it professes to pursue tort actions, *e.g.*, Count VIII (defamation), Count IX (negligent and intentional infliction of emotional distress), and Count X (invasion of privacy).

The Supreme Court has also allowed litigants to sue federal officials in their individual capacities for violations of constitutional rights without running afoul of sovereign immunity. *See Bivens v. Six Unknown Agents of the FBI*, 403 U.S. 388, 397 (1971). However, this immunity does not extend to claims against federal agencies or federal agents in their official capacities. *See Sanchez-Mariani v. Ellingwood*, 691 F.2d 592, 595 (1st Cir. 1982); *Amer. Ass'n of Commodity Traders v. Dep't of Treasury*, 598 F.2d 1233, 1235-1236 (1st Cir. 1979) (finding that sovereign immunity shields United

States agencies from constitutional claims, even where federal agents may be liable). Because Plaintiff has made it clear that he wishes to sue these federal agencies and agents in their official capacities only, his constitutional claims (Counts I, II and III) must fall as well. Accordingly, to the extent Count XI (conspiracy to violate constitutional/civil rights/discriminate) alleges a Constitutional violation, that claim also merits dismissal.

Continuing his shotgun approach, Plaintiff asserts a claim under the Administrative Procedure Act ("APA"), which waives federal immunity in cases of adverse agency action. *See* 5 U.S.C. § 702. The APA, however, provides only "for judicial review of final agency action for which there is no other adequate remedy in a court." *See Sackett v. E.P.A*, 132 S. Ct. 1367, 1370 (2012) (quoting 5 U.S.C. § 704). Because Plaintiff has failed to demonstrate and/or allege that his APA claim (Count IV) has been pursued at the administrative level, the court will recommend that that portion of the claim is dismissed.

Also in Count IV, Plaintiff claims that the defendants have violated the Privacy Act, 5 U.S.C. § 552a, by maintaining records on his First Amendment activities and revealing that information to third parties. The Privacy Act permits civil actions against federal agencies that fail to comply with management requirements regarding individuals' confidential records. *See* 5 U.S.C. § 552a. *See also F.A.A. v. Cooper*, 132 S.Ct. 1441, 1446 (2012). Plaintiff, however, may not sue individual officers or agents under the Privacy Act, as he attempts to do here. *See Reyes v. Supervisor of Drug Enforcement Admin.*, 834 F.2d 1093, 1097 (1st Cir. 1987); *Williams v. McCausland*, 791 F. Supp. 992, 1000 (S.D.N.Y. 1992). To the extent that the Privacy Act waives the

6

agencies' sovereign immunity, the court will nevertheless recommend dismissal of this claim pursuant to Federal Rule of Procedure 12(b)(6), as further discussed below. In short, Plaintiff's claims have no factual plausibility.

### B. The West Springfield Defendants and the Springfield Defendants

Relying exclusively on Rule 12(b)(6), the West Springfield Defendants argue that Plaintiff's claims should be dismissed as against them because they contain only superfluous allegations and bare assertions lacking any factual support. Similarly, the Springfield Defendants, in their motion to dismiss, contend that Plaintiff's claims do not meet minimal pleading standards. The court agrees.

As explained, because Plaintiff is a *pro se* claimant, his pleadings must be construed liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Instituto De Educacion Universal Corp. v. U.S. Dep't of Educ.*, 209 F.3d 18, 23 (1st Cir. 2000). Nevertheless, Plaintiff's allegations are patently frivolous. Although Plaintiff references several exhibits, including letters from the City of Springfield regarding the FBI's antiterrorism efforts and unclassified documents from the Homeland Security Advisory Council, none of this evidence provides any support for the allegations set forth in his complaint. Simply put, Plaintiff's "naked assertion[s]. . . without some further factual enhancement" cannot sustain his complaint. *See Twombly*, 550 U.S. at 557. And **"**[a]lthough a court may not dismiss as frivolous claims based on allegations based on a belief that the facts are merely 'unlikely,' [P]laintiff's bizarre claims here fall within the class of factual contentions that are irrational, delusional, or wholly incredible." *Laurence v. Wall*, 2009 WL 4780910, at *3 (D.R.I. Dec. 10, 2009) (adopting Report and Recommendation).

7

*See also Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (recognizing that a court at the motion to dismiss stage need not accept as true a plaintiff's factual allegations that describe "fantastic or delusional scenarios"). Accordingly, the court will recommend that the West Springfield Defendants' and the Springfield Defendants' motions to dismiss be granted.[1]

IV. CONCLUSION

For the reasons stated, the court recommends that all three motions to dismiss be ALLOWED.[2]

DATED: July 19, 2012                              /s/   Kenneth P. Neiman
                                                  KENNETH P. NEIMAN
                                                  U.S. Magistrate Judge

---

[1] The court notes that Plaintiff's claims have only come this far because he paid the necessary filing fee. Had Plaintiff sought to proceed *in forma pauperis*, the court would have recommended the dismissal of the complaint *sua sponte* because his claims are obviously based on "indisputably meritless legal theor[ies]" and contain "factual contentions [that] are clearly baseless." *Hernandez,* 504 U.S. at 31; *Forte v. Sullivan*, 935 F.2d 1, 3 (1st Cir. 1991) (quoting *Neitzke v Williams,* 490 U.S. 319, 327 (1989)). *See also Street v. Fair*, 918 F.2d 269, 272 (1st Cir. 1990).

[2] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs., 848* F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.